**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESEE**

| | | |
|---|---|---|
| I4F LICENSING N.V. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ |
| | ) | |
| HAPPY FEET INTERNATIONAL, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff I4F Licensing N.V. ("i4F"), through its counsel, hereby alleges the following for its Complaint against Defendant Happy Feet International, LLC ("Defendant" or "Happy Feet"):

1. This is a civil action for the infringement of United States Patent No. 11,091,918, entitled "Covering Panel and Process of Producing Covering Panels" ("the '918 Patent"), United States Patent No. 11,794,396, entitled "Method of Producing a Glueless Dustless Composite Flooring Material System" ("the '396 Patent"), United States Patent No. 12,110,692, entitled "Decorative Panel, and Decorative Floor Covering Consisting of Said Panels" ("the '692 Patent"), and United States Patent No. 12,427,753, entitled "Glueless Dustless Composite Flooring Material System." ("the '753 Patent", collectively, with the '918, '396 and '692 Patents, the "Asserted Patents"). Copies of the Asserted Patents are attached hereto as Exhibits A-D.

2. Plaintiff i4F is a Belgian company having a principal place of business at Industriedijk 19, 2300 Turnhout, Belgium.

3. Upon information and belief, Defendant Happy Feet is a Tennessee limited liability company have a registered principal office address at 3425 Alton Park Blvd., Chattanooga,

Tennessee 37410-1218 and a principal place of business at 529 Rollins Industrial Blvd., Ringgold, GA 30736.

## PERSONAL JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367.

6. This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of Tennessee and, upon information and belief, has committed acts of infringement in the state of Tennessee.

7. Venue is proper under 28 U.S.C. §§ 1391 because Defendant is organized under the laws of Tennessee and has registered a principal office address in this District with the state of Tennessee.

8. Upon information and belief, Defendant has sold or offered to sell and continues to sell or offer to sell stone plastic composite (SPC) floor panels or tiles not licensed or otherwise authorized by i4F, namely the SPC floor panels or tiles with a Lox locking system (the "Accused Products") in this District.

## PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271

9. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

10. i4F is a research and development company focused primarily on the flooring industry. i4F's patent portfolio includes patents for flooring installation and wall mounting systems, material compositions, surface treatment as well as board production, outdoor and stair tread technologies. Patents and patent applications for i4F's technologies have been granted and

2

filed, respectively, in many countries worldwide. i4F's technologies and patented inventions are incorporated into the products of over 150 leading flooring manufacturers in the US and other countries, who are licensed by i4F. i4F's experienced technical team provides licensees with the technical designs and know-how needed to implement i4F's technologies on their products. i4F markets its patented locking systems for use on SPC floor panels, among others, as the 3L TripleLock and Click4U locking systems and licenses the same to third parties.

11. Plaintiff i4F is the owner of a vast patent portfolio, which includes the Asserted Patents.

12. Plaintiff i4F is the owner by assignment of the Asserted Patents.

13. Defendant Happy Feet is a retailer and distributor of PVC-based flooring materials, including SPC floor panels and tiles.

14. A true and correct copy of Defendant Happy Feet's 2026 Catalog is attached hereto as Exhibit E.

15. SPC is a material that is a mixture of polyvinyl chloride (PVC) and a stone filler material, usually a stone dust or stone powder material, such as calcium carbonate or chalk.

16. The Accused Products are SPC flooring panels and tiles that include an SPC substrate or core with a top layer applied to the top of the core.

17. Upon information and belief, Happy Feet has sourced and/or sources the Accused Products from manufacturers located in China and/or other east Asian countries.

18. Happy Feet has offered the Accused Products for sale and sold them in the United States to consumers and other retailers and has imported the same into the United States.

3

19. The Accused Products sold and offered to be sold by Defendant and/or imported into the United States include an SPC core layer, a PVC decorative film layer, a PVC wear layer, a UV cured coating and a click lock system:

# Planks that Really Perform

Every product we sell offers the quality customers love.



**Kid & Pet Friendly**

Our entire flooring line is built to withstand traffic from active youngsters and four-legged friends.



**Antimicrobial**

Thanks to advanced engineering, our LVP deters the growth of microorganisms that come into contact with its surface.



**FloorScore® Certified**

This certification is recognized around the world and means our floors meet stringent standards for indoor air quality so you can breathe healthier.



**Scratch & Slip Resistant**

Our floors meet national ASTM requirements for scratch and slip resistance, making them great for high-traffic commercial or residential spaces.



**Water Resistant**

Our planks are completely water resistant, so no need to fret over splashes and spills in bathrooms or kitchens.



**Durable Wear Layer**

We want your floors to stay beautiful for years to come, so our products offer UV coatings and a range of durable wear layers to protect against fading, scratches, scuffs, and stains.



- UV Coating
- Wear Layer
- Decor Layer
- Core Layer

Learn more about our products at HappyFeetInternational.com

Ex. E at 15.

4

20. Upon information and belief, Happy Feet sells SPC cored plank at least under the brand name Stabilicore® Plus:



**Stabilicor® Plus**

Stabilicor® Plus planks offer extreme durability and the capacity to withstand years of use in almost any room. The rigid stone polymer composite core enhances durability, provides a cooler feel underfoot, and reduces unwanted flexibility.

Ex. E at 16.

## S

### SPC

Happy Feet International® brands SPC (Stone Polymer Composite Core) as Stabilicor® Plus. SPC Stabilicor® Plus has a strong stone composite core. These planks are known for their extreme durability and capacity to withstand years of use. This rigid stone core results in SPC products having a sturdy feel underfoot and less flexibility than other compositions.

**Stabilicor®**

**Stabilicor® Plus**

Stabilicor® Plus SPC (Stone Polymer Composite Core)

Stabilicor® Plus has a strong stone composite core. These planks are known for their extreme durability and capacity to withstand years of use. This rigid stone core results in SPC products having a sturdy feel underfoot and less flexibility than other compositions.

Ex. F (https://www.happyfeetinternational.com/glossary).

5

21. Upon information and belief, to manufacture the Accused Products, Defendant's suppliers mix PVC resin with calcium carbonate in amount of 15-75 wt. %, with plasticizers, including an adipate and DOTP (Dioctyl terephthalate).

22. Upon information and belief, the Accused Products' core material is an extruded mixture of PVC and calcium carbonate that is molded to the desired shape of the core or substrate of Accused Products.

23. Upon information and belief, the manufacturing process of the Accused Products, the extruded core is laminated with the top layer through a hot-melt overlaying process without glue.

24. Upon information and belief, the substrate is attached to the top layer at a temperature higher than the softening point of PVC but lower than the melting point of PVC.

25. The top layer includes a transparent PVC wear layer, a textured surface, a decorative layer below the wear layer, and a UV cured top layer that is waterproof. *See* Ex. E at 16.

26. The Accused Products are also provided with an underlayment layer on the bottom of the SPC substrate / core.

27. The Accused Products are waterproof, fireproof, wear resistant and glueless.

6

## Other Features & Benefits



**KID FRIENDLY**

Specially engineered surfaces, coatings, and wear layers keep Happy Feet® vinyl floors safe for every member of your family.



**PET FRIENDLY**

Four-legged friends can lead to extra spills and accidents, but our durable wear layers keep your floors protected so you don't have to worry.



**WATERPROOF**

Our tough, LVP planks are completely waterproof for surface spills and pet accidents, so your floors can stand up to whatever life brings.



**FLOORSCORE® CERTIFIED**

This internationally-recognized certification ensures that our flooring products meet or exceed stringent air quality guidelines to keep you and your family safe and breathing clean air.



**ANTIMICROBIAL**

Bye, bye, germs! Through proprietary technology, our luxury vinyl plank is treated to deter the growth of harmful microorganisms that come in contact with its surface.



**SCRATCH & SLIP RESISTANT**

Our floors are designed to meet national ASTM requirements for scratch and slip resistance, making them ideal for use in high-traffic commercial or residential spaces.

Ex. G (https://www.happyfeetinternational.com/stabilicor).

28. The Asserted Patents cover various aspects of floor panels/tiles, including SPC panels/tiles, and processes of producing the same.

29. Defendant Happy Feet is not licensed or otherwise authorized by i4F to practice the technology of the Asserted Patents.

30. Happy Feet's sale, offer for sale, and importation into the United States of the Accused Products infringe at least claims 1 and 8 of the '918 Patent (the "Asserted '918 Claims"), claims 1-3 and 6-11 of the '396 Patent (the "Asserted '396 Claims"), claims 1, 3, and 8 of the '692 Patent (the "Asserted '692 Claims"), and claims 1-5, 8-10, 14, 18-19, and 21-24 of the '753 Patent (the "Asserted '753 Claims", collectively, with the Asserted '396 Claims, Asserted '918 Claims, and Asserted '692 Claims, the "Asserted Material Patent Claims").

31. On March 30, 2026, Plaintiff sent a letter to Happy Feet identifying its infringement of the Asserted Patents and demanding Happy Feet cease and desist from continuing said

7

infringement or compensate i4F for its infringement and enter into a royalty bearing license, among other things.

32.     To date, Happy Feet has provided no response to i4F's March 30, 2026 letter.

33.     In view of the foregoing, Happy Feet's infringement of the Asserted Patents is willful.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,091,918

34.     i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

35.     Defendant Happy Feet imports the Accused Products, manufactured abroad by the processes recited in the Asserted '918 claims, into the United States and offers to sell and sells the same in the United States.

36.     Happy Feet's foreign suppliers practice each and every element of the Asserted '918 Claims.

37.     The Accused Products are SPC floor panels or tiles. '918 Patent (claims 1, 8); *see also, e.g.,* Ex. E-G.

38.     Upon information and belief, Happy Feet's suppliers manufacture the Accused Products by mixing a synthetic material, namely PVC, with a filler material, namely calcium carbonate, in an amount from 15 to 75 wt % calcium carbonate. The resulting mixture is extruded to obtain an SPC substrate. '918 Patent (claims 1, 8).

39.     Upon information and belief, a top layer is laminated to the substrate, and the substrate is heated to a temperature above the softening point of PVC, but lower than the melting temperature and is annealed. '918 Patent (claims 1, 8).

8

40. The activities of Happy Feet in using, importing, selling and/or offering to sell the Accused Products constitutes infringement of the Asserted '918 Claims under 35 U.S.C § 271(g).

41. Defendant Happy Feet's infringement is willful.

42. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Happy Feet's infringement of the '918 Patent unless this Court restrains its infringing. i4F is without an adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,794,396

43. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

44. Defendant Happy Feet imports the Accused Products into the United States and sells and offers to sell the same in the United States.

45. The Accused Products practice each and every element of the Asserted '396 Claims.

46. The Accused Products are composite flooring material segments including an SPC core or base layer, which is a mixture of PVC and calcium carbonate, and is free of glue, '396 Patent (claim 1); *see also, e.g,* Ex. E-G.

47. Upon information and belief, the core or base layer mixture is extruded at elevated temperature and pressure through an extrusion mold to create an SPC base layer / core. '396 Patent (claim 1).

48. The Accused Products are provided with face layer that includes a decorative sublayer and a wearing sublayer fused onto the top face of the decorative sublayer. '396 Patent (claim 1); *see also, e.g.*, Ex. E.

49. The face layer is textured. '396 Patent (claim 1).

9

50. Upon information and belief, the face layer is fused onto the top face of the SPC base layer by hot-melt overlaying by at least bringing the various layers into contact with one another and simultaneously heating and applying compression to fuse the layers together. '396 Patent (claim 1).

51. A cured waterproof UV plastic resin coating layer is applied to the face layer and is cured by exposure to UV light. '396 Patent (claim 1); *see also, e.g.,* Ex. E.

52. The Accused Products are free of compressed cellulose material. '396 Patent (claim 2).

53. The SPC base layer is waterproof, the decorative sublayer is a PVC decorative film with a printed and colored design thereon, the wearing layer is a transparent PVC polymer film, and the UV coating layer is transparent. '396 Patent (claims 3, 6-11); *see also, e.g,* Ex. E.

54. The activities of Happy Feet in importing into or selling and/or offering to sell the Accused Products in the United States constitutes infringement of the Asserted '396 Claims under 35 U.S.C § 271(a).

55. Happy Feet's infringement is willful.

56. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendant's infringement of the '396 Patent unless this Court restrains its infringing conduct. i4F is without an adequate remedy at law.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,427,753

57. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

58. Happy Feet imports the Accused Products into the United States and offers to sell and sells the same in the United States.

10

59. The Accused Products practice each and every element of the Asserted '753 Claims.

60. The Accused Products include an SPC base layer comprising PVC resin and calcium carbonate mixture. '753 Patent (claim 1), *see also, e.g.,* Exs. E-G.

61. The Accused Products are provided with face layer that includes a decorative sublayer and a wearing sublayer fused onto the top face of the decorative sublayer. '753 Patent (claim 1); *see also, e.g.,* Exs. E-G.

62. Upon information and belief, the wearing sublayer is fused onto the top face of the decorative sublayer by hot-melt overlaying by at least bringing the layers into contact with one another and simultaneously heating and applying compression to fuse the layers together. '753 Patent (claim 1).

63. Upon information and belief, the face layer is also fused to the top face of the base layer by hot-melt overlaying by at least bringing the base layer and face layer into contact with one another and simultaneously heating and applying compression to fuse the layers together without adhesives. '753 Patent (claim 1).

64. The decorative sublayer has a printed pattern or image thereon and the face layer is decoratively textured with the texture being at least partially complementary to the pattern or image of the decorative sublayer. '753 Patent (claims 1, 18).

65. The Accused Products also have a flooring coating layer comprising a UV-cured resin. '753 Patent (claim 2); *see also, e.g.,* Ex. E.

66. The Accused Products are also provided with an underlayment layer on the bottom of the SPC base layer / core. '753 Patent (claim 4); *see also, e.g.,* Ex. E.

11

67. The SPC base layer and the flooring face layer are waterproof, the decorative sublayer is a colored PVC decorative film with a printed pattern or image thereon, the wearing layer is a transparent PVC polymer film that is wear-resistant, and the UV coating layer is transparent. '753 Patent (claims 3, 5, 8-10, 23-24); *see also, e.g.,* Exs. E-G.

68. The Accused Products are free of compressed cellulose. '753 Patent (claim 14).

69. The UV coating layer is applied as a film. '753 Patent (claim 1), *see also, e.g.,* Ex. E.

70. The Accused Products include coupling or installation profiles for installation and locking with adjacent panels / flooring segments. '753 Patent (claims 21-22); *see also, e.g.,* Ex. E.

71. The activities of Happy Feet in using, importing, selling and/or offering to sell the Accused Products constitutes infringement of the Asserted '753 Claims under 35 U.S.C § 271(a).

72. Defendant Happy Feet's infringement is willful.

73. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendant's infringement of the '918 Patent unless this Court restrains its infringing conduct. i4F is without an adequate remedy at law.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,110,692

74. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

75. Defendant Happy Feet imports the Accused Products into the United States and offers to sell and sells the same in the United States.

76. The Accused Products practice each and every element of the Asserted '692 Claims.

12

77. The Accused Products are decorative panels that include an SPC core with an upper side and lower side, with a decorative top structure affixed to the upper side of the core comprising PVC resin and calcium carbonate mixture. '692 Patent (claim 1), *see also, e.g.,* Exs. E-G.

78. The Accused Products include at least a first coupling profile on a first panel edge and a second coupling profile on a second panel edge to engage interlockingly with the first couple profile in a horizontal and vertical direction. '692 Patent (claim 1); *see also, e.g.,* Ex. A.

79. The core comprises at least one polymer, namely, PVC. '692 Patent (claims 1, 3); *see also, e.g,* Ex. E.

80. Upon information and belief, the core comprises a plurality of different plasticizers, including an adipate and DOTP. '692 Patent (claim 1).

81. The SPC core also includes a mineral filler material, namely calcium carbonate. '692 Patent (claim 8).

82. The activities of Happy Feet in importing into or selling and/or offering to sell the Accused Products in the United States constitutes infringement of the Asserted '692 Claims under 35 U.S.C § 271(a).

83. Happy Feet's infringement is willful.

84. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Happy Feet's infringement of the '692 Patent unless this Court restrains its infringing conduct. i4F is without an adequate remedy at law.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues triable by a jury.

**WHEREFORE**, i4F prays:

A. that Defendant, its officers, employees, agents, and those persons in active participation with them be permanently enjoined from infringing the Asserted Patents;

B. that judgment be entered finding that Defendant infringes the Asserted Patents;

C. that Defendant be ordered to pay damages to i4F pursuant to 35 U.S.C. § 284 in an amount adequate to compensate i4F for the infringement, but not less than a reasonable royalty, including interest from the dates of infringement, resulting from Defendant's infringement of the Asserted Patents;

D. that Defendant's infringement be deemed willful and, as a result, that Defendant be ordered to pay i4F treble damages pursuant to 35 U.S.C. § 284;

E. that i4F be awarded its costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285; and

F. that i4F be awarded such further relief as this Court may deem just and proper.

Respectfully submitted,

By: s/Michael J. Bradford
Michael J. Bradford, BPR 22,689
LUEDEKA NEELY, P.C
900 S. Gay Street, Suite 1504
P. O. Box 1871
Knoxville, TN 37901-1871
Tel: 865.546.4305
Mbradford@Luedeka.com

s/Anthony W. Brooks
Anthony W. Brooks – (*pro hac vice motion to be filed*)
John W. McIlvaine-(*pro hac vice motion to be filed*)
THE WEBB LAW FIRM
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Tel: 412.471.8815
ABrooks@webblaw.com
JMcilvaine@webblaw.com

*Counsel for Plaintiff i4F Licensing N.V.*

14